OPINION OF THE COURT
Lee L. Holzman, J.
The petitioner, the attorney-draftsman of the will offered for *522 probate in this proceeding and the nominated alternate executor thereunder, requests that the court exercise its discretion pursuant to SCPA 2307-a (9) (b) (ii) to waive the application of SCPA 2307-a (1) and (2) so that he may receive a full executor’s statutory commission. The propounded will was executed on June 28, 1979 and is alleged to have been in the possession of the testator until his death. The nominated executrix predeceased the testator.
Although SCPA 2307-a was enacted in 1995 (L 1995, ch 421, § 1) subdivision (9) provides that it applies not only to all wills executed after December 31, 1995 but also to any will executed prior to that date if the testator died after December 31, 1996. For those wills executed after December 31, 1995, an attorney-drafter-executor cannot receive more than one half of the statutory commission to which the attorney would otherwise be entitled (SCPA 2307-a [5]) unless the testator has executed a “written acknowledgment of disclosure” (SCPA 2307-a [2]), witnessed by at least one person other than the attorney-executor, which states that an attorney who serves as an executor and performs legal services is entitled to receive an executor’s statutory commission and also reasonable compensation for any legal services performed. However, with respect to wills executed prior to January 1, 1996, subdivision (9) provides that the court must allow the attorney-executor full statutory commissions if the testator executed a written disclosure which was not witnessed and that the court has discretion to allow a full statutory commission for “good cause shown” (SCPA 2307-a [9] [b] [ii]) which shall include but is not limited to a good-faith effort to make the required disclosure to the testator or to obtain from the testator a written disclosure or “otherwise establishing to the satisfaction of the court reasonable grounds to excuse the absence of a written acknowledgment” (SCPA 2307-a [9] [b] [ii] [B]).
In requesting that the court excuse the absence of a written acknowledgment of disclosure, the petitioner indicated: that when he prepared the will, the decedent requested that he serve as alternate executor; that SCPA 2307-a was enacted after the will was executed; that he was not aware that the primary designated executrix had passed away in 1995; that the original will was not in his possession but was discovered in decedent’s apartment; that he has prepared over 1,000 wills in his 35 years of practicing law; that it would be a “monumental task” to review his files to determine whether in any of those *523 cases he has been nominated as the alternate executor and whether the primary executor has predeceased the testator; and that he has no independent recollection as to whether or not he discussed the payment of executor’s commissions with the decedent.
The court commends the petitioner on his candor in stating that he has no independent recollection of whether he discussed commissions or legal fees with the decedent. However, his reasons for not seeking to impart to the decedent the information that should be contained in the written acknowledgment of disclosure, while understandable, does not rise to the “reasonable grounds [necessary] to excuse the absence of a written acknowledgment.” (SCPA 2307-a [9] [b] [ii] [B].) Although precisely what constitutes “reasonable grounds” is not defined in the statute, it is clear that the over-all purpose of the statute is to require the attorney-drafter-executor, where possible, to make a reasonable effort to apprise the testator in some manner that the attorney shall be entitled to compensation for both the executorial and legal services performed. Here, even though the petitioner cannot recall whether he ever advised the testator that he would be entitled to receive both commissions and legal fees for his respective services as executor and attorney, he made an economic decision that it was too burdensome to review his files so that he could make the appropriate disclosure. Under these circumstances, it is not unduly harsh to conclude that the economic consequences of his initial economic decision is that he be limited, as required by SCPA 2307-a (5), to no more than one half the statutory commissions to which he would otherwise be entitled.
It appearing that the propounded instrument was executed in accordance with the statutory formalities at a time when the testator was competent to make a will and not under restraint, a decree has been entered admitting the will to probate.