OPINION OF THE COURT
C. Raymond Radigan, J.
In this probate proceeding, the court is required to determine compliance with the requirements of SCPA 2307-a on the part of the named attorney/fiduciary, Cheryl Kitton. SCPA 2307-a requires that an attorney/draftsperson of a will who is named as the executor must disclose to the testator that if such attorney or an affiliated attorney renders legal services in connection with the estate, such attorney or an affiliated attorney is entitled to receive reasonable compensation in addition to *287 statutory commissions. This section applies to wills executed on or after January 1, 1996 (SCPA 2307-a [9] [a]), the will here being dated March 3, 1998. The attorney/fiduciary readily admits that no required disclosure was made to the testator but insists that since she has hired separate counsel not affiliated with her, she is therefore not rendering any legal services and, accordingly, compliance with SCPA 2307-a is not required; that is, her commission should not be reduced to one half the statutory amount allowable, which she would otherwise be entitled to. A memorandum of law has been submitted which argues that the legislative intent of the statute was to reduce commissions to one half only if the attorney/fiduciary herself rendered legal services. In that regard, the attorney quotes from a memorandum in support of the legislation eventually enacted which states in part: “ ‘This legislation is designed to promote full disclosure and discussion of compensation when an attorney is designated to serve as both executor and counsel. It requires attorneys serving in such capacities to fully explain the duties of an executor and the separate responsibilities of an attorney serving as counsel to an executor’ ”. (Mem of Assembly in support, Bill Jacket, L 1995, ch 421 [emphasis supplied].)
It would appear to the court that if the salutary effects of the statute are to be realized, that is that testators be made aware that both attorney’s fees and commissions are payable to the attorney/fiduciary, then the statute is rendered completely ineffective if it may be circumvented by hiring separate counsel who is unaffiliated. In this regard it is significant that the attorney/fiduciary’s own affidavit reads in part as follows: “Had I known about the disclosure statement that must be acknowledged by the testatrix, I would have explained this to the decedent and had her set forth the statutory language. I would have then performed both the executor’s duties and the attorney services. Since this was not the case, I retained outside legal counsel for the Estate and performed the Executrix’ duties.”
The statement by the attorney obviously amounts to an attempted circumvention of the statute and the potential abuses it was designed to address (see, Matter of Weinstock, 40 NY2d 1; Matter of Thron, 139 Misc 2d 1045; Matter of Klenk, 151 Misc 2d 863; Harris, New York Estates: Probate, Administration and Litigation § 18:21 [Groppe 5th edj; Carp and Schlesinger, Disclosure Requirements For Attorney Serving as Executor, NYLJ, Sept. 14, 1995, at 1, col 1; Rubenstein, *288 Compensation of Attorney /Executors, NYLJ, Apr. 29, 1996, at 9, col 1).
Accordingly, the attorney/fiduciary, not having complied with SCPA 2307-a, her commissions will be limited to one half the statutory amount, which determination is to be included in the decree.