OPINION OF THE COURT
Eugene E. Peckham, J.
*242 Decedent died on July 3, 2003, leaving a will dated November 22, 1971. The petitioner-executor was an attorney admitted to practice in this state and drafted the will offered for probate. Thereafter he maintained “limited contact” with the decedent. He has submitted an affidavit in which he states that about 1995 he retired from practice and in early 1996 moved to Virginia but then moved back to Owego, New York, in September 1998. Throughout this period he retained his license to practice law until it lapsed at the end of 2000. Since he is no longer licensed to practice he has retained separate counsel to represent him in his capacity as executor.
SCPA 2307-a was enacted effective August 2, 1995, applicable to estates of decedents dying after January 1, 1996. It provides that an attorney-draftsman of a will in which he is named as executor can receive full commissions only if the written disclosure of dual fees required by the statute was executed by the testator. In this case there is no written disclosure from the testator.
Alternatively, the statute permits full commissions with respect to wills executed prior to January 1, 1996, if the attorney-executor establishes “to the satisfaction of the court reasonable grounds to excuse the absence of a written acknowledgment.” (SCPA 2307-a [9] [b] [ii] [B].) In his affidavit submitted herein, petitioner argues that after he retired from practice in 1995, “I was unable to remain knowledgeable of current changes to New York State law, including changes to the Surrogate’s Court Procedure Act.” His affidavit does not indicate any attempt to make the required disclosure. Nevertheless, he was licensed to practice as an attorney, both in 1971 when the will was drawn and in 1995 when the law changed.
In Matter of McDonnell (179 Misc 2d 286 [Sur Ct, Nassau County 1998], affd 265 AD2d 557 [2d Dept 1999]) the attorney-executor hired separate counsel to represent the estate. She then argued she should be entitled to a full commission since she was not rendering legal services to the estate and thus receiving double fees. Judge Radigan said (at 287):
“It would appear to the court that if the salutary effects of the statute are to be realized, that is that testators be made aware that both attorney’s fees and commissions are payable to the attorney/ fiduciary, then the statute is rendered completely ineffective if it may be circumvented by hiring separate counsel who is unaffiliated.”
*243 In similar fashion, the petitioner here cannot avoid, the statute merely because he is retired from the practice of law and has hired separate counsel to represent him as executor of the estate. The fact that he is now retired is irrelevant. He was an attorney when he drew the will and at the time when the required disclosure should have been made.
Neither the fact that petitioner was named only as alternate executor nor that testator retained the original will constitute good cause for the failure of disclosure. (Matter of DeMontagut, 178 Misc 2d 521 [Sur Ct, Bronx County 1998].) The fact that testator may have been “very ill” in 1995 and in a nursing home from 1999 until her death also does not constitute good cause. (Matter of Katz, NYLJ, Mar. 26, 2001, at 30, col 2 [Sur Ct, Kings County].)
The required disclosure not having been made, the petitioner is limited to one half an executor’s commission pursuant to the statute.