In the Matter of the Estate of SIDNEY J. WAGONER JR., Deceased. DARLEEN L. DOMANICO, as Executor of SIDNEY J. WAGONER JR., Deceased, Appellant; BRONK VAN SLYKE et al., Respondents. [816 NYS2d 599]—

Kane, J. Appeal from an order of the Surrogate's Court of Albany County (Doyle, S.), entered January 10, 2005, which reduced petitioner's commissions for failure to comply with SCPA 2307-a.

Decedent's will designated petitioner, a paralegal for the attorney who drafted the will, as executor of his estate. Despite the fact that petitioner is not an attorney, decedent executed a disclosure statement pursuant to SCPA 2307-a stating that he had been informed that he could appoint any person as executor, the executor would be entitled to statutory commissions, and an attorney is entitled to counsel fees in addition to executor commissions if the attorney serves as executor. Decedent's attorney witnessed that document's execution.

Following petitioner's application for letters testamentary, Surrogate's Court found that a disclosure statement was necessary due to the relationship between petitioner and decedent's

attorney and that the statement needed to be witnessed by someone other than the attorney, thus petitioner failed to properly comply with SCPA 2307-a. Based on these findings and determinations, the court reduced petitioner's commissions by 50% (7 Misc 3d 445 [2005]). Petitioner appeals.

Petitioner contends that her commissions should not have been reduced because SCPA 2307-a only applies to attorneys. We agree. The statute, which is entitled "Commissions of attorney-executor," mandates a 50% reduction in commissions if a proper disclosure is not made "[w]hen an attorney prepares a will to be proved in the courts of this state and such attorney or a then affiliated attorney is therein an executor-designee" (SCPA 2307-a [1], [5]). Petitioner is not an attorney. She therefore could not be the attorney who prepared the will or an "[a]ffiliated attorney" as defined in the statute (see SCPA 2307-a [8]). Because the plain language of the statute applies only to attorneys who are named as executors, the statute does not apply to petitioner. Thus, she is entitled to full statutory executor's commissions.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and full executor's commissions granted.