OPINION OF THE COURT
John B. Riordan, J.
In this uncontested probate proceeding the named attorney-executor whose partner drafted the will dated August 1, 2002 requests that the disclosure statement required by SCPA 2307-a, *296 signed by the decedent on the same day as the will, be accepted notwithstanding its failure to comply with the 2004 amendment to SCPA 2307-a.
Subdivision (3) of SCPA 2307-a sets forth “Models of acknowledgment of disclosure,” both of which models prior to 2004 contained merely three items of required disclosure to the testator. By the amendment made in 2004, an additional item of disclosure was added to the model forms (L 2004, ch 709, eff Nov. 16, 2004) which reads as follows: “(iii) absent execution of this disclosure acknowledgment, an attorney who serves as executor shall be entitled to one-half the commissions he or she would otherwise be entitled to receive.” (SCPA 2307-a [3] [a] [iii].)
While the present disclosure statement complies with the statute as it existed prior to 2004, it fails to contain the above-quoted language in clause (iii).
The question of the necessity of including the above language added in 2004 has been the subject of a decision by Surrogate Roth in Matter of Tackley (13 Misc 3d 818 [Sur Ct, NY County 2006]). In Tackley, the court observed that the above-added language was included only in the model forms and not in subdivision (1) of the statute which continues to recite only three required items of disclosure (SCPA 2307-a [1] [a], [b], [c]). Notwithstanding this statutory omission, the court applied the canon of construction that “every provision of the statute was intended to serve some useful purpose” (Matter of Tackley, 13 Misc 3d 818, 821 [2006], quoting Matter of Tonis v Board of Regents of Univ. of State of N.Y., 295 NY 286, 293 [1946]). The court concluded that the disclosure statement was required to include the additional language added in 2004.
In the Tackley case, the disclosure statement was signed after the effective date of the 2004 amendment and therefore there was no need to discuss the amendment’s retroactivity. Here, however, the question is relevant, the disclosure statement having been signed more than two years before the amendment took effect on November 16, 2004.
“It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such a construction unless the language expressly or by necessary implication requires it.” (Majewski v BroadalbinPerth Cent. School Dist., 91 NY2d 577, 584 [1998].) The above *297 “rule recognizes that people guide their affairs in the light of existing laws and that it would be unfair to defeat the expectations, rights and liabilities arising under those laws by subsequent retroactive changes.” (People v Oliver, 1 NY2d 152, 158 [1956].) Here, the disclosure statement conforms to the statute as it existed prior to 2004 and was executed prior to the effective date of the amendment. Accordingly, the disclosure statement is deemed in compliance and the attorney-executor is entitled to full statutory commissions. The decree should reflect this determination.