OPINION OF THE COURT
Renee R. Roth, S.
The respective draftsmen of the propounded wills in the estates of Paula M. Moss and Mortimer Hess, Jr., seek appointment as executors. Their applications raise different novel questions concerning the statute governing compensation of such fiduciaries (SCPA 2307-a).
The underlying facts in the first proceeding are as follows. Ms. Moss died on January 25, 2008, at the age of 92, survived by two children. She had executed a will on October 11, 2004, in which she left the bulk of her estate (valued at approximately $30 million) for the benefit of her issue and named as executors a friend (who predeceased her) and the lawyer who drafted the instrument. She concurrently signed a disclosure statement acknowledging that she had been informed that any competent person could serve as executor and that her executor would be entitled to payment not only of commissions for his services as fiduciary, but also, for legal fees if he acted as counsel. Testatrix executed a codicil on August 17, 2006, prepared by the same draftsman, which did not involve any fiduciary appointments.
The nominated executor has submitted the above disclosure statement as the basis for his claim to full commissions under section 2307-a. In relevant part, such statute provides that an executor who is appointed in a will drafted by him (or by another lawyer affiliated with him) is limited to one half of the commissions to which he would otherwise be entitled (under SCPA 2307) unless he has filed a signed and witnessed confirmation by the testatrix that particular facts were disclosed to her in relation to such appointment.
At the time the Moss will was executed, section 2307-a required disclosures no broader than those reflected in the above *509 disclosure statement. By amendment to the statute effective November 16, 2004 (L 2004, ch 709), however, one additional matter had to be disclosed to a testatrix, i.e., that by making such a statement she would free her attorney-executor from a reduction on his commissions. Although such amendment thus broadened the prior statutory requirements, no new disclosure statement was signed by testatrix when she executed her codicil. Accordingly, the issue is whether the Moss disclosure statement is effective to shield the attorney-executor from a reduction of commissions under section 2307-a.
The general history which led to the enactment of the statute is as follows. A line of cases established that section 2307-a was the outgrowth of a long-standing concern that, if certain information is not given to a client, she may be induced by the draftsman of her will to name him as fiduciary instead of another person whom she would have preferred if she had known she was free to do so (see Matter of Weinstock, 40 NY2d 1 [1976]). Thus, the statute’s overriding purpose is to bring balance to the relationship between client and lawyer — by giving the former knowledge to which the latter is already privy — where their individual interests may conflict (see Assembly Mem in Support, Bill Jacket, L 1995, ch 421, at 5).
If only testatrix’s will was involved, there would be no question that adequate disclosure under SCPA 2307-a had been made to her (and that the commissions of the executor-draftsman would not be reduced) because the amendment which broadened the required disclosure was not intended to be retroactive (Matter of Griffin, 16 Misc 3d 295 [2007]). The question remains, however, whether a new disclosure statement was necessary when a codicil was executed after such amendment was enacted.
As noted above, the codicil did not involve any fiduciary appointment and thus was not an occasion for disclosure of matters that concern SCPA 2307-a. Accordingly, the one-half commissions limitation under section 2307-a applies here only if the statute requires the draftsman to obtain a further disclosure statement whenever a codicil is executed.
The language of section 2307-a as well as its spirit indicate that the statute imposes no such requirement. Section 2307-a provides that the written acknowledgment by the testator “may be executed prior to, concurrently with or subsequently to a will in which an attorney . . . is an executor-designee” (SCPA 2307-a [2]). The statute does not, by contrast, provide that a disclosure must be repeated in a written statement whenever any testa *510 mentary instrument is executed (whether or not it contains a designation of the attorney-fiduciary). Nor does the objective of the statute — to alert the testatrix to her options in picking a fiduciary — require repetition of what she was told earlier.
Based upon the foregoing, it is concluded that the disclosure statement signed by Ms. Moss satisfies section 2307-a and allows the attorney-executor to receive the usual executorial commissions (SCPA 2307).
The relevant facts in the other probate proceeding, Hess, give rise to a different question. Mr. Hess died on April 12, 2008, at the age of 88, survived by three children and leaving an estate worth approximately $11 million. Under his will, executed on January 21, 1998, testator left the bulk of the estate to his three children equally, and named one of his children and a lawyer to serve as executors. He also executed two codicils respectively, dated October 19, 1999 and June 10, 2004.
At the time he executed his will, Mr. Hess also signed a disclosure statement in which he acknowledged disclosures identical in substance to those referred to in the Moss disclosure statement. His signing of such statement was witnessed by the draftsman of the will, who was a partner (the partner) of the lawyer named as co-executor. The partner was also the draftsman of the first codicil (which did not alter the fiduciary designations of the first propounded instrument), and the second codicil, which changed the original fiduciary designations by naming as executors the partner himself and two of testator’s children.
All three of the propounded instruments in Hess predated the amendments to the statute. There is no question that the content of the Hess disclosure statement met the statutory requirements as of the time such statement was executed. But, as indicated above, section 2307-a requires that a disclosure statement be witnessed, and the witness in Hess was the partner of the nominated executor. The question therefore is whether the partner was qualified to serve as a witness for purposes of the statute.
Under the express terms of section 2307-a, a nominated executor is identified with the draftsman if the two are “affiliated” (SCPA 2307-a [5]). In view of the affiliation between the nominated executor and the partner, the Hess disclosure statement may reasonably be deemed to have been “witnessed” not simply by the partner, but, in effect and contrary to the purpose of the statute, by the nominee. It is observed that the law *511 universally requires that a witness to a deed or bond or other legal transaction be disinterested in the event. Indeed, it is for such reason that a beneficiary of a will may not serve as a witness unless he is entitled to more under intestacy or renounces the benefits conferred on him by the instrument (EPTL 3-3.2 [a] [1]; Matter of Walters, 285 NY 158 [1941]).
It is thus concluded that the partner, because he was not independent, could not witness the Hess disclosure statement. In the absence of a duly witnessed instrument, SCPA 2307-a is not satisfied, and the commissions of the attorney-executor in Hess are therefore subject to the statutory limit.