OPINION OF THE COURT
Eugene E. Peckham, J.
*632 The will offered for probate in this matter was executed on September 27, 1994 and nominates Jeanne E. Reardon as executor. At that time, Ms. Reardon was a legal secretary in the office of the attorney who prepared the will. SCPA 2307-a was added to the law in 1996 to provide that where the attorney who prepares a will is also nominated as executor therein certain disclosures must be made to the testator. SCPA 2307-a was amended in 2007 to provide that when an employee of the attorney who prepares the will is the executor-designee the disclosures required by that section must be made. If they are not made, the executor’s commissions are reduced by one half.
Ms. Reardon, in an affidavit, states that she had been a friend for many years of decedent and her husband who died May 23, 1994. She played on a golf team with the husband for years. She assisted decedent with arrangements for the husband’s funeral and continued to help her thereafter. Ms. Reardon retired in 1998. The question presented is whether Ms. Reardon is limited to a one-half commission.
In Matter of Wagoner (30 AD3d 805 [3d Dept 2006]) the court held that SCPA 2307-a did not apply to a paralegal named as executor in a will prepared by her employer-attorney. The court said that since the paralegal was not an attorney, the statute did not apply. Subsequently, the Legislature amended the statute, effective August 31, 2007, to reverse the Wagoner decision to provide that employees of the attorney who prepared the will are subject to the statutory disclosure requirements. The amendment provides that it “shall apply to all wills executed on or after such effective date.” (L 2007, ch 488, § 2.) This is unlike the original statute which applied both to wills “executed on or after January 1, 1996” and “estates of decedents dying after December 31, 1996.” (SCPA 2307-a [9].) The Legislature could have included language in the 2007 amendment similar to the original statute to apply to estates of decedents dying after that date, but did not do so. Two cases have held that amendments to SCPA 2307-a made in 2004 are not retroactive. (Matter of Griffin, 16 Misc 3d 295 [Sur Ct, Nassau County 2007]; Matter of Moss, 21 Misc 3d 507 [Sur Ct, NY County 2008].) It is clear from the statute itself and also the case law that the 2007 amendment of section 2307-a to include employees of the attorney who prepared the will is not retroactive. The Legislature did not so provide in the Laws of 2007, as it did in the Laws of 1996.
The statute also provides that the Surrogate may waive the disclosure requirements for wills executed before January 1,
*633 1996 for good cause shown. (SCPA 2307-a [9] [b] [ii].) Good cause is defined as either a good faith effort to make the required disclosure or “establishing to the satisfaction of the court reasonable grounds to excuse the absence of a written acknowledgment.” (SCPA 2307-a [9] [b] [ii] [A], [B].) The courts have generally held that for an attorney, good faith means he tried to make the required disclosure. (Estate of Oxendine, NYLJ, Sept. 10, 2007, at 27, col 6 [Sur Ct, NY County]; Matter of Danyluck, 3 Misc 3d 241 [Sur Ct, Broome County 2004]; Estate of Daly, NYLJ, Dec. 4, 2001, at 21, col 1 [Sur Ct, Bronx County].)
An attorney who practices in New York must know the law and is required to keep up with changes in the law. A legal secretary is in a different category. In Estate of Newell (NYLJ, June 6, 2002, at 27, col 4 [Sur Ct, Suffolk County]) an attorney licensed in Connecticut drew a will for a Connecticut resident and was named in the will as executor. The testator subsequently died in New York and the Connecticut attorney petitioned for probate and to be appointed as executor. It was held that because the “non-New York attorney would have no reason to be aware of the laws of New York State, good cause exists for the waiver of 2307-a disclosure provisions” (id. at 27, col 5). Similarly, a legal secretary may have some familiarity with the law, but as a non-lawyer, is not expected or required to have the same knowledge of the law as an attorney, especially after retirement. Particularly, this is so when the law is amended to cover law office employees for the first time 13 years after the will was drawn, 11 years after the law was first enacted and 9 years after the secretary retires.
It is held the 2007 amendment does not apply retroactively. Good cause has been shown that there are reasonable grounds to excuse the absence of a written disclosure. Ms. Reardon may receive full commissions.