[908 NYS2d 534]

In the Matter of the Accounting of WILLIAM J. RILEY, as Executor of MARY ELIZABETH BUCKLEY, Deceased.

Surrogate's Court, Oneida County, September 17, 2010

**APPEARANCES OF COUNSEL**

*William J. Riley*, petitioner pro se.

**OPINION OF THE COURT**

LOUIS P. GIGLIOTTI, S.

The decedent, Mary Elizabeth Buckley, died on April 15, 2009. Her last will and testament dated July 25, 2005 was offered for probate and a decree admitting the same to probate was issued on May 29, 2009.

Because the nominated and subsequently appointed executor is an attorney, compliance with the disclosure requirements of SCPA 2307-a was required in order to avoid a one-half reduction of commissions to which he would otherwise be entitled.

On the same day that she executed the will, the testator signed an acknowledgment of various disclosures. Because there was a question as to whether the disclosures were in compliance with the requirements of SCPA 2307-a (as that section read on July 25, 2005),[1] the decree granting probate provided that all issues as to the amount of commissions under this section would be determined "in an appropriate future proceeding." That appropriate future proceeding is now before the court because on June 2, 2010 the attorney-executor filed a petition for judicial settlement of his account. Among other things, the account proposes payment of a full commission to the executor. Even though no interested party has objected to the proposed accounting, the issue of compliance with section 2307-a must nonetheless be determined by the court.

At the time the will in this case was executed (i.e., July 25, 2005) subdivisions (1) and (2) of SCPA 2307-a contained the following language:

"1. Disclosure. When an attorney prepares a will to be proved in the courts of this state and such attorney . . . is therein an executor-designee, the testator *shall* be informed prior to the execution of the will that:

"(a) subject to limited statutory exceptions, any person, including an attorney, is eligible to serve as an executor;

"(b) absent an agreement to the contrary, any person, including an attorney, who serves as an executor is entitled to receive an executor's statutory commissions; and

"(c) if such attorney or an affiliated attorney renders legal services in connection with the executor's official duties, such attorney or a then affiliated attorney is entitled to receive just and reason-

---

1. As noted, infra, section 2307-a was amended by Laws of 2007 (ch 488) effective August 31, 2007.

able compensation for such legal services, in addition to the executor's statutory commissions.

"2. Testator's written acknowledgment of disclosure. An acknowledgment by the testator of the disclosure *required by subdivision one* of this section must be set forth in a writing executed by the testator in the presence of at least one witness other than the executor-designee. Such writing, which must be separate from the will, but which may be annexed to the will, and which may be executed prior to, concurrently with or subsequently to a will in which an attorney . . . is an executor-designee and must be filed in the proceeding for the issuance of letters testamentary to the executor-designee." (Emphases added.)

This court finds that the disclosure statement signed by the testator on July 25, 2005 substantially complied with subdivisions (1) and (2) set forth above.

Prior to November 16, 2004, subdivision (3) of SCPA 2307-a provided a "[m]odel[ ] of acknowledgment of disclosure" (the model) which set forth three items of disclosure to the testator mirroring those required by subdivision (1). However, an additional item of disclosure was added to the model by amendment in 2004 (*see* L 2004, ch 709, § 1 [eff Nov. 16, 2004]). That additional item reads as follows: "absent execution of this disclosure acknowledgment, an attorney who serves as an executor shall be entitled to one-half the commissions he or she would otherwise be entitled to receive." (SCPA 2307-a [3] [a] [iii].)

Significantly, while the 2004 amendment added this new item of disclosure to the model, it did not add it to the list of items required to be disclosed under subdivision (1) of section 2307-a. As indicated, the disclosure statement signed by the testator in this case on July 25, 2005 did not contain the item of disclosure added to the model in 2004.

Therefore, the issue in this case is whether the attorney-executor's failure to disclose the fourth item added to the model in 2004 limits him to only one-half commissions. Stated differently, the issue is whether the fourth item of disclosure, set forth at the time in the model only and not in subdivision (1), was required to be in the acknowledgment statement.

The issue of the necessity of including in the acknowledgment statement the fourth item added to the model in 2004 was the subject of a decision by Surrogate Roth in *Matter of Tackley* (13

Misc 3d 818 [Sur Ct, NY County 2006]). In *Tackley* the court acknowledged that the above-added language was only included in the model and not in subdivision (1) of the statute, which continued to recite only three required items of disclosure. The court in *Tackley* concluded that the disclosure statement was required to include the additional language added to the model in 2004. This court respectfully declines to follow the holding in *Tackley*.

At the time of the within will, the statute required that the testator *shall* be informed of the three provisions set forth in subdivision (1). The word *"shall"* is clearly a mandate and allows no variation. The testator *"shall be informed,"* means that the testator must be informed of the three items set forth in subdivision (1). Without the disclosure of all three, the disclosure is ineffective. In addition, at the time of the within will subdivision (2) required written acknowledgment of the disclosure required by *subdivision(1)*—not the disclosures set forth in the model.

In contrast, the language of section 2307-a (4) provides that a statement which substantially conforms to the model *"shall be deemed"* compliance. The language does not say that compliance with the model is required. The language used in subdivision (4), i.e., *"shall be deemed"* is mandatory only in the sense that if the model language is used, then the court must find compliance with section 2307-a. However, the word *"deemed"* connotes that this is merely an alternative which would suffice.

Had the legislature intended the fourth item of disclosure to be mandatory, it would have included the same in subdivision (1). Alternatively, it could have said that substantial compliance with the model was required or it could have said that "disclosure *shall* substantially conform to the model." Moreover, the legislature could have amended subdivision (2) to require written acknowledgment of the disclosure set forth in subdivision (3), i.e., the model. The court finds that as used in this statute, the word *"deemed"* means that the legislature considers a notice which conforms to the model to be in compliance, but not that such shall be required for compliance.

In conclusion, at the time the within will was executed, subdivisions (1) and (2) of section 2307-a only required written acknowledgment of three items of disclosure, all of which were provided in this instance. The fourth item was not mandated

under subdivision (1) until the statute was amended some two years after the will in this case was executed.[2]

Therefore the attorney-executor is entitled to full commissions as proposed in his final accounting.

There being no other objections to the remaining portion of the account, and the court finding the same to be in order, a decree judicially settling the account shall be issued.

---

2.  (L 2007, ch 488 [eff Aug. 31, 2007].)