Matter of Brier (2019 NY Slip Op 02516)





Matter of Brier


2019 NY Slip Op 02516


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-11587

[*1]In the Matter of Howard Brier, deceased. Marcel A. Sager, etc., appellant; Office of the Kings County Public Administrator, respondent. 

(File No. 4824/13)

Goldberg Sager & Associates, Brooklyn, NY (Marcel A. Sager pro se of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Linda Fang of counsel), for respondent.



DECISION & ORDER
In a probate proceeding, the petitioner appeals from a decree of the Surrogate's Court, Kings County (John G. Ingram, A.S.), dated January 19, 2018. The decree, insofar as appealed from, upon an order of the same court (Diane A. Johnson, S.) dated April 12, 2017, granting that branch of the petition which sought a statutory commission for the petitioner's services as executor of the decedent's estate only to the extent of granting to the petitioner one-half of the statutory commissions for such services, awarded the petitioner the sum of only $900.
ORDERED that the notice of appeal from the order dated April 12, 2017, is deemed to be a premature notice of appeal from the decree (see CPLR 5520[c]); and it is further,
ORDERED that the decree is affirmed insofar as appealed from, with costs.
On December 12, 2005, Howard Brier (hereinafter the testator) executed his last will and testament. On that same date, the testator also executed an "Attorney/Executor Acknowledgment." In that document, the testator acknowledged that he had designated the attorney who drafted the will to serve as executor and that, prior to signing the will, he had been informed that: (1) subject to limited exceptions, any person was eligible to serve as the executor; (2) absent an agreement to the contrary the executor would be entitled to statutory commissions; and (3) an attorney executor would also be entitled to reasonable legal fees.
The testator died in 2013, and the attorney-drafter of the will and proposed executor (hereinafter the petitioner) petitioned for probate of the will, dated December 18, 2013. In a report submitted by counsel to the Public Administrator it was contended that the petitioner should be limited to one-half of the otherwise allowable statutory commissions because of a perceived defect in the form of the acknowledgment signed by the testator. The Surrogate's Court, in an order dated April 12, 2017, determined that the petitioner was entitled to only one-half of the statutory executor's commission. On appeal, the petitioner contends that he should have been granted a full commission.
SCPA 2307-a requires that, where a will has been drafted by an attorney, the testator [*2]must be given certain information, prior to the execution of the will, relating to who may be designated as executor and the payment of commissions and legal fees (see SCPA 2307-a[1]). The statute was enacted in 1995 in order to assure that the designation of the attorney-drafter as executor was the client's knowing choice rather than the product of an attorney's self-serving drafting (see Assembly Memorandum in Support of Assembly Bill [A5491-A]). The statute stipulates that, unless the testator executes an acknowledgment that the required disclosures were made, an attorney-executor is entitled to only one-half of the commissions otherwise payable (see SCPA 2307-a[5]).
As originally enacted, SCPA 2307-a contained, in its first subdivision, the requirement that the testator be informed by the attorney-drafter, prior to the execution of the will, that: (1) subject to limited statutory exceptions, any person, including the testator's spouse, child, friend or associate, or an attorney, is eligible to serve as an executor; (2) absent an agreement to the contrary, any person, including an attorney, who serves as an executor is entitled to receive statutory commissions; and (3) if an attorney renders legal services in connection with the executor's official duties, the attorney is entitled to reasonable compensation for such services, in addition to statutory commissions.
The statute, in its second subdivision, provides that the testator has to acknowledge in writing that the required disclosures were made. The third subdivision of the statute provides model forms of the testator's written acknowledgment of disclosures. The statute stipulates that a testator's written acknowledgment of disclosure that substantially conforms to these models shall be deemed to be compliant with the statutory requirement for a written acknowledgment by the testator (see SCPA 2307-a[4]).
The statute further provides, in its fifth subdivision, that absent compliance with the requirement for the giving of the written acknowledgments required by the first subdivision, an attorney-drafter who serves as executor is limited to one-half of the otherwise payable statutory commissions.
The model forms set forth in the original statute provided for the testator's acknowledgment that the three required written disclosures had been provided. In 2004, SCPA 2307-a was amended to add to the model forms of acknowledgment a fourth statement that the testator acknowledges that he or she had been advised that where an attorney-executor failed to make the required disclosures, that attorney-executor would be entitled to only one-half of the statutory executor's commissions (see SCPA 2307-a[3]). While adding this fourth acknowledgment to the model forms set forth in the third subdivision, the 2004 amendment failed to include a corresponding disclosure requirement in the first subdivision, thus leaving that subdivision requiring only the three original mandates for the information to be disclosed to the testator. This oversight was corrected in 2007 (see L 2007, ch 488, § 1). The legislative history of the 2007 amendment reflects the intention to harmonize the statute by clarifying that the fourth acknowledgment set forth in the model forms is, in fact, a mandatory subject of disclosure as required in the first subdivision (see Senate Introducer's Mem, Bill Jacket, L 2007 Senate Bill S5967, ch 488).
This appeal presents the question as to whether, where a will was executed in between the 2004 and 2007 legislative amendments to SCPA 2307-a, an attorney-executor is limited to one-half of the statutory commissions when the testator's written acknowledgment does not contain the fourth acknowledgment specified in the statutory model forms. The Surrogate's Courts have divided on this point. In addition to the Surrogate's Court in this case, at least two Surrogate's Courts have held that the attorney-executor is so limited (see e.g. Matter of Tackley, 13 Misc 3d 818 [Sur Ct, NY County]; see also Matter of Fullen, 2007 WL 7665986 [Sur Ct, Westchester County]). At least one Surrogate's Court has held to the contrary (see Matter of Riley [Buckley], 29 Misc 3d 1059 [Sur Ct, Oneida County]). We, like the Surrogate's Court below in this case, conclude that the attorney-executor's commissions should be so limited.
The 2004 amendment was intended, as reflected in both its text and in its legislative history, to require that the testator be informed that, absent the testator's acknowledgment of receipt of the required disclosures, the attorney-executor would receive only one-half of the commissions [*3]otherwise payable. That the Legislature inadvertently included this fourth disclosure requirement only in model forms and not in the subdivision dealing directly with the required disclosures was an oversight, as is confirmed by the 2007 amendment and its legislative history (see Itri Brick & Concrete Corp v Aetna Cas. & Sur. Co., 89 NY2d 786, 796). Thus, we disagree with the view expressed in Matter of Riley (29 Misc 3d 1059) that the courts should treat the omission of the fourth disclosure from subdivision one as reflecting a deliberate legislative intention.
Construing the statute to require the limitation of executor's commissions where the required disclosure is absent comports with the underlying policy of the statute, which is to ensure that a testator is fully informed of the financial consequences of appointing an attorney drafter as executor (see Matter of Tackley, 13 Misc 3d at 821; see also DeFrancisco Letter in Support of 2004 amendment, Bill Jacket, L 2004 Senate Bill S6986, ch 709). The legislative intention was to provide for the testator's informed understanding that but for the required disclosure, the commissions payable to the attorney-drafter-executor would be significantly less. Further, if the 2004 amendment were to be construed as merely adding suggested or optional language to the model forms, the 2004 amendment would be rendered largely superfluous. Construing the addition of the fourth disclosure in the model form as merely a suggestion would permit attorney-drafters to simply delete that disclosure, leaving the testator uninformed on an issue where the personal interests of the testator and the attorney-drafter-prospective executor differ. Indeed, to the extent that the petitioner argues that he was entitled to rely upon the precise wording of the statute, we note that the petitioner would have avoided the limitation on his commissions had he simply utilized the model form provided by the statute.
Therefore, we conclude that the statute as amended in 2004 required a testator to acknowledge that he or she had been advised that where an attorney-drafter failed to make the required disclosures, that attorney as executor is entitled to only one-half of the statutory executor's commissions, and that absent such disclosure, the attorney-executor will be entitled to only one-half of the statutory executor's commissions (see SCPA 2307-a[3], [5]).
At bar, the instrument signed by the testator in 2005 did not include an acknowledgment that he had been informed that the failure to comply with the disclosure requirements would result in the attorney-executor being entitled to only one-half of the statutory executor's commissions. Therefore, we agree with the Surrogate's Court's determination that the petitioner is entitled to only one-half of the statutory executor's commissions (see SCPA 2307-a[1], [2], [3], [5]; see also Matter of Tackley, 13 Misc 3d 818).
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court